IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE <br> WILLIAM LEWS BENNETT, <br>         Debtor, | § <br> § <br> § <br> § | CASE NO. 22-31334 <br> CHAPTER 7 <br> JUDGE [Jointly Administered] |
| TITUS LEASING COMPANY, LLC, <br>         Plaintiff, <br> v. <br> WILLIAM LEWS BENNETT, <br>         Defendant. | § <br> § <br> § <br> § <br> § <br> § | ADVERSARY NO. _____ |

**OBJECTION TO DISCHARGE**
**(PLAINTIFF'S ADVERSARY COMPLAINT)**

Plaintiff Titus Leasing Company, LLC ("Plaintiff" or "Titus"), a creditor in the above styled bankruptcy case, files this Objection to Discharge ("Objection") against Debtor William Lewis Bennett ("Debtor" or "Bennett"), seeking a judgment under Title 11, United States Code, Sections 523(a)(2), 523(a)(6), 727(a)(2), and 727(a)(4), and Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 4004, for denial of Debtor's discharge.

**PRELIMINARY STATEMENT**

1.    Debtor has actively hidden, concealed, or transferred the assets of Plaintiff Titus Leasing Company, LLC, and has failed to disclose the location of Plaintiff's vehicles and collateral both before and during this bankruptcy. Further, Plaintiff has engaged in Vehicle Identification Number ("VIN") swapping and hiding vehicles, and is being prosecuted by the State of Texas, and has been stripped of his ability to buy, sell, or lease vehicles in the State of Texas by the Texas Department of Motor Vehicles. Debtor's unlawful actions are now the subject of a state civil court lawsuit and criminal indictments. For these reasons, and for the

reasons stated further herein below, Plaintiff seeks a denial of the discharge of Debtor's obligations to Titus.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this adversary proceeding pursuant to Title 28, United States Code, Sections 157 and 1334.

3. Venue is proper in this district under Title 28, United States Code, Section 1409(a). This adversary proceeding is related to a bankruptcy case under Chapter 7 that is pending in this district (Case No. 22-31334).

4. This adversary proceeding is commenced pursuant to sections 727(a)(2), and (4), and 523(a)(2) and (6) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 4004(a) and 7001(4).

5. Plaintiff consents to entry of a final order or judgment by the Bankruptcy Court in this matter.

## PARTIES

6. Plaintiff Titus Leasing Company, LLC is a secured creditor against the Debtor. Plaintiff's principal place of business at 1851 Center Street, Camp Hill, Pennsylvania 17011.

7. Debtor/Defendant, William Lewis Bennett is the Chapter 7 debtor in the above-captioned case. The Debtor may be served through his counsel of record or at 14311 Blenheim Palace Court, Houston, Texas 77095.

## FACTUAL BACKGROUND

8. On May 17, 2022, the Debtor/Defendant filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. On May 18, 2022, Ronald J. Sommers was appointed the Chapter 7 Case Trustee.

**The Lease Agreements, Default**

9. Plaintiff/Creditor Titus Leasing Company purchases specialty vehicles for lease to its customers, enabling its customers maintain a fleet of vehicles without having to purchase the vehicles and/or to quickly expand its fleet based on its needs.

10. In this matter, Debtor is the sole managing member of Texas Elite Exotics, LLC. Texas Elite Exotics leased high end exotic vehicles from Plaintiff to be used as rental cars in its business. Under information and belief Debtor is the alter ego of Texas Elite Exotics.

11. A lease agreement was entered into on August 5, 2020, between Titus and Texas Elite Exotics (the "Master Lease Agreement") signed by Debtor. Ex. 1. William Bennett, Debtor is a personal guarantor on the Master Lease Agreement. Ex. 2.

12. On February 24, 2021, Texas Elite Exotics leased a 2019 Bentley VIN SJAAM2ZV2KC025164 from Titus under the terms of the Master Lease Agreement. Ex. 3.

13. On March 11, 2021, Texas Elite Exotics leased a 2017 Ferrari VIN ZFF82WNA0H0226926 from Titus under the terms of the Master Lease Agreement. Ex. 4.

14. On July 26, 2021, Titus leased three additional vehicles to Texas Elite Exotics, a 2016 Rolls Royce, VIN SCA665C52GUX86309, a 2019 Aston Martin, VIN SCFRMHAV8KGR00421, and a 2020 Land Rover, VIN SALGS5SE5LA575426. Exs. 5-7.

15. Texas Elite Exotics subsequently defaulted under the leases and failed to make the required monthly payments on the (1) 2019 Bentley VIN SJAAM2ZV2KC025164; (2) 2017

Ferrari VIN ZFF82WNA0H0226926; (3) 2019 Aston Martin VIN SCFRMHAV8KGR00421; (4) 2019 Rolls Royce VIN SCA665C52GUX86309; and (5) 2020 Land Rover VIN SALGS5SE5LA575426.

16. As a result of the default, Titus demanded the return of the vehicles. However, Titus discovered that on July 1, 2021, Debtor and Texas Elite Exotics had sold the Ferrari to Christopher and Patricia Ramirez based on a forged copy of a title. At no time did Debtor or Texas Elite Exotics have permission to sell the vehicle they were leasing from Plaintiff, nor did Titus ever transfer title to Texas Elite Exotics. Texas Elite Exotics did not pay any portion of the sales price to Titus. Because Texas Elite Exotics failed to return the cars, it became liable for the full amount of the remaining and unpaid payments of the leases. As the alter ego of Texas Elite Exotics, Debtor Bennett is also liable for those unpaid amounts under the leases. In addition, Debtor Bennett is also personally liable for those unpaid amounts under the guarantee agreement. Ex. 2.

17. Titus next learned the Aston Martin, had been seized by the police. Apparently, it belonged to another person, and had been sold to Titus with a fraudulent title and VIN.

18. To date, neither Bennett nor Texas Elite Exotics has returned the other three cars or provided any adequate explanation as to where they are located.

19. On March 1, 2022, Titus filed a civil lawsuit against Texas Elite Exotics, Bennett, and other defendants, *Titus Leasing Company, LLC v. Texas Elite Exotics, LLC, William Bennett, and Amanda Bennett*; Cause No, 2022-12734; in the 165th Judicial District of Harris County, Texas. On May 3, 2022, Titus Amended its Petition and brought suit against Zackary H. Adams. In its Second Amended Petition filed on June 30, 2022, Titus included the purchasers of the Ferrari, Patricia and Christopher Ramirez, as defendants. The suit brings claims against Bennett,

Texas Elite Exotics, Zackary Adams, and the Ramirezes of fraud, conversion, and breach of contract. A copy of the Second Amended Petition is attached hereto as Exhibit 8.

**Section 341 Creditor Meeting**

20. On June 15, 2022, the Section 341(a) Creditors Meeting was held via teleconference. Mr. Sommers, Trustee, examined the Debtor.

21. At the end of the examination, Plaintiff had additional questions for the Debtor and the Trustee authorized Plaintiff to send his questions in written form to be answered by Debtor. Ex. 9. The questions asked the Debtor where Titus's vehicles were now located.

22. Debtor responded that Plaintiff's vehicles were in the possession of another creditor, NextGear Capital, and an individual named Kelly Clifton. Ex. 10.

23. After contacting NextGear Capital they have confirmed that they are not and have never been in possession of the 2016 Rolls Royce or the 2020 Range Rover.

24. Plaintiff sent an investigator to the Clifton property and it appears Clifton is not in possession of the 2019 Bentley.

**DMV Investigation and Suspension**

25. On or about September of 2021, the Texas Department of Motor Vehicles ("DMV") began investigating Debtor and his company, specifically for:

1. Respondent, a licensee, within the time and manner provided by law, failed to remit motor vehicle sales tax and failed to apply for the registration and title of the motor vehicle in connection with the sale of a 2019 Aston Martin DBS SUPERLEGGRA, 552.130, to LINDY LEWIS on or about 7/26/2021, in violation of TEX. TAX CODE § 152.0411 and TEX. TRANSP. CODE ANN. § 501.0234.

2. Respondent, a licensee, on or about 11/22/2021, failed to keep a complete record of all vehicles purchased or sold, specifically records related to the sale or purchase of a 2019 Aston Martin DBS SUPERLEGGRA, 552.130 on or about 7/26/2021 in violation of 43 TEX. ADMIN. CODE § 215.144.

3. Respondent, a licensee, within the time and manner provided by law, failed to remit motor vehicle sales tax and failed to apply for the registration and title of the motor vehicle in connection with the sale of a 2016 Rolls-Royce WRAITH, 552.130, to LINDY LEWIS on or about 7/26/2021, in violation of TEX. TAX CODE § 152.0411 and TEX. TRANSP. CODE ANN. § 501.0234.

4. Respondent, a licensee, on or about 11/22/2021, failed to keep a complete record of all vehicles purchased or sold, specifically records related to the sale or purchase of a 2016 Rolls-Royce WRAITH, 552.130 on or about 7/26/2021 in violation of 43 TEX. ADMIN. CODE § 215.144.

5. Respondent, a licensee, on or about 11/22/2021, failed to keep a complete record of all vehicles purchased or sold, specifically records related to the sale or purchase of a 2020 Land Rover RANGE ROVER, 552.130 on or about 7/26/2021 in violation of 43 TEX. ADMIN. CODE § 215.144.

6. Respondent, a licensee, on or about 11/22/2021, failed to keep a complete record of all vehicles purchased or sold, specifically records related to the sale or purchase of a 2020 Aston Martin Veh #8, 552.130 on or about in violation of 43 TEX. ADMIN. CODE § 215.144.

Attached as Ex. 11 is a true and correct copy of the Agred Final Order from the Texas Department of Motor Vehicles.

26. The Texas DMV found:

1. Respondent has agreed to waive its right to Notice of Hearing and opportunity for hearing before the State Office of Administrative Hearings.
2. Respondent has agreed to waive the opportunity to present evidence and argument before the State Office of Administrative Hearings.
3. Respondent's license is no longer active.
4. Respondent, has waived the issuance of a Notice of Hearing and the opportunity for a hearing before the State Office of Administrative Hearings.
5. Respondent has agreed that, for a period of 3 years from the date this Order becomes final, that Respondent will refrain from filing with the Department any new or renewal applications for a General Distinguishing Number as a sole proprietorship, or on behalf of any corporation, limited liability company, partnership, or any other form of business association that Respondent will have any ownership interest in.
6. Respondent agrees to refrain from ownership in a business engaging in the buying, selling and/or leasing motor vehicles in the state of Texas, including by consignment, and will not participate in the ownership of such a business for a period of 3 years from the date this Order becomes final.
7. The agreement of Respondent, to all of the restrictions and limitations set forth herein above for a period of 3 years from the date this Order becomes final, are appropriate in this case.
8. Respondent, without admitting the alleged violation(s) occurred, has agreed to the terms of this Order in lieu of litigating this matter and this is appropriate to dispose of this matter.

*Id.* at pp. 2-3.

27. The Texas DMV ordered that for a period of three years, Mr. Bennett is not allowed to engage in the business of buying, selling, and/or leasing motor vehicles in Texas. The DMV found:

1. Respondent shall CEASE AND DESIST from engaging in the business of buying, selling and/or leasing motor vehicles in the state of Texas as a dealer, directly or indirectly, including by consignment, which conduct would be in violation of Tex. Occ. Code § 2301.251 and Tex. Transp. Code § 503.021, until such time that Respondent secures a license from the Motor Vehicle Division.
2. In accordance with Tex. Transp. Code § 503.038(c), Respondent is hereby ordered to surrender any and all metal license plates, temporary tags, stickers, and plate receipts.
3. If you have plates associated with your license, you may return the metal plates, temporary tags, stickers, and plate receipts to the Texas Department of Motor Vehicles Headquarters, 4000 Jackson Ave, Austin, Texas 78731 or to your Regional Service Center. Items may be mailed or dropped off. All the information you need may be found at www.txdmv.gov. Enter "Plate Return" in the search box or call (888) 368 - 4689 for additional information.
4. For a period of 3 years from the date this Order becomes final, Respondent, shall not file with the Department any new or renewal applications for a General Distinguishing Number as a sole proprietorship, or on behalf of any corporation, limited liability company, partnership, or any other form of business association that Respondent has any ownership interest in.
5. For a period of 3 years from the date this Order becomes final, the Enforcement Division is hereby directed to oppose any new or renewal applications filed by Respondent, and any new or renewal application filed by any corporation, partnership, or other entity in which Respondent, has any ownership interest.

*Id.*

**Prosecution for Stolen Cars and Swapping VINs**

28. On November 21, 2021, the Houston Auto Crime Task Force, a division of the Houston Police Department, began an investigation into Debtor and his business, Texas Elite Exotics. During the inspection, officers ultimately discovered four stolen vehicles with altered public VINs inside the warehouse of Texas Elite Exotics. Attached as Exhibit 12 is a true and correct copy of the charging complaint.

29. During the investigation, officers observed that a vehicle had an additional cloned VIN on another confidential part of the vehicle. Ex. 12. The VIN returned with two prior registrations with two different tags to Texas Elite Exotics. *Id.* In sum, the same vehicle had been registered twice to Texas Elite Exotics under two different VINs, while displaying a third different VIN.

30. On February 1, 2022, Debtor was charged with theft.

31. On July 25, 2022, Debtor was indicted on felony charges for theft of vehicles. Attached as Exhibit 13 is a true and correct copy of the felony indictment.

32. Arraignment is currently set for September 15, 2022.

## CAUSES OF ACTION

### Count I: Denial of Discharge Pursuant to §727(a)(2)

33. Plaintiff repeats and realleges paragraphs 1 through 32 above as if fully set forth herein.

34. Section 727(a)(2) of the Bankruptcy Code provides:

(a) The court shall grant the debtor a discharge, unless—

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition; or

(B) property of the estate, after the date of the filing of the petition;

11 U.S.C. § 727(a)(2).

35. In order for a court to deny the discharge of a claim under Title 11, United States Code, Section 727(a)(2), the Plaintiff must show: (1) a transfer or concealment of property; (2) belonging to the debtor; (3) within one year of filing of the petition; and (4) with intent to hinder,

delay, or defraud a creditor or officer of the estate. *FNFS, Ltd. v. Harwood (In re Harwood)*, 404 B.R. 366, 384 (Bankr. E.D. Tex.2009); *see Cadle Co. v. Pratt (In re Pratt)*, 411 F.3d 561, 566 (5th Cir.2005).

36. When determining whether the debtor intended to hinder, delay, or defraud a creditor or officer of the estate, the Court examines the following factors:

> (1) the lack of inadequacy of consideration; (2) the family, friendship, or close associate relationship between the parties; (3) the retention of possession, benefit, or use of the property in question; (4) the financial condition of the party sought to be charged both before and after the transaction in question; (5) the existence or cumulative effect of the pattern or series of transactions or course of conduct after the incurring of debt, onset of financial difficulties, or pendency or threat of suits by creditors; and (6) the general chronology of the events and transactions under inquiry.

*Id.* at 565.

37. The elements of Section 727(a)(2) are easily met here. Debtor has illegally sold at least one of the five vehicles Titus leased to Texas Elite Exotics, and has failed to return or adequately explain the location of three of the other four vehicles Titus leased to Texas Elite Exotics. Based on his history of illegally selling cars that he does not own, and fraudulently transferring VINs, it is evident that he has transferred and/or concealed the property of Titus, thus satisfying the first three elements of Section 727(a)(2). It is also evident that Debtor transferred and/or concealed this property "with the intent to hinder, delay, or defraud" Titus. This intent is demonstrated by his brazen sale of one of Titus's vehicles without permission, his lack of candor to the Trustee regarding the location of the other three vehicles, and his past history of making fraudulent and/or illegal sales of vehicles, replacing the VINs, or otherwise transferring Plaintiff's property.

38. For these reasons, discharge of Debtor's obligations to Titus should be denied pursuant to Title 11, United States Code, Section 727(a)(2).

**Count II: Denial of Discharge Pursuant to §727(a)(4)**

39.     Plaintiff repeats and realleges paragraphs 1 through 38 above as if fully set forth herein.

40.     Section 727(a)(4)(A) of the Bankruptcy Code provides:

(a)     The court shall grant the debtor a discharge, unless— . . .

(4) the debtor knowingly and fraudulently, in or in connection with the case

(A) made a false oath or account . . .

11 U.S.C. § 727(a)(4)(A).

41.     In order for a court to deny the discharge of a claim under Title 11, United States Code, Section 727(a)(4), the Plaintiff must show that: "(1) debtor made statement under oath, (2) the statement was false, (3) debtor knew the statement was false, (4) debtor made statement with fraudulent intent to deceive, and (5) the statement related materially to the bankruptcy case." *In re Pratt*, 411 F.3d at 566. The Fifth Circuit has held that a showing of reckless indifference for the truth by failing to give full and complete disclosures is sufficient for the bankruptcy court to infer the debtor's requisite intent. *In re Beaubouef,* 966 F.2d 174, 177-78 (5th Cir. 1992). Notably, courts within the Southern District have denied discharge under Section 727(a)(4) based on the debtor's failure to reveal information until probed by creditors. *In re Gartner*, 326 B.R. 357, 373-74 (Bank. S.D. Tex. 2005). Furthermore, the Fifth Circuit has deprived discharge when the cumulative nature of the debtor's actions illustrates a reckless indifference for the truth, and the debtor fails to clear up inconsistencies and omissions in bankruptcy schedules. *In re Beaubouef,* 966 F.2d at 178.

42.     The elements under Section 727(a)(4) are met here. As part of the Section 341 creditors hearing, Plaintiff submitted questions to Debtor and Debtor's counsel to obtain the location of Plaintiff's vehicles. Debtor responded that two of the vehicles were in the possession of NextGear Capital and one was in the possession of Kelly Clifton. NextGear Capital has

reviewed its records and confirmed it has never had in its possession either of the vehicles that Debtor claimed were transferred to it. Likewise, an investigator was sent to Mr. Clifton's residence to attempt to locate the vehicle and discovered the vehicle was not in his possession. In addition, the cumulative nature of Creditor's acts here (failure to timely return vehicles, selling one of Creditor's cars without permission, switching VINs on cars, criminal indictment) indicate a lack of candor to the Trustee that is sufficient to deny discharge of his obligations pursuant to Section 727(a)(4). *In re Beaubouef,* 966 F.2d at 178.

**Count III: Denial of Discharge Pursuant to §523(a)(2)**

43. Plaintiff repeats and realleges paragraphs 1 through 42 above as if fully set forth herein.

44. Section 523(a)(2) of the Bankruptcy Code provides:

(a) A discharge under section 727, 1141, 1192, 1228(a), of 1328(b) of this title does not discharge an individual debtor from any debt—

   (1) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

      (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition. . .

11 U.S.C. § 523(a)(2).

45. Courts have held that allegation of fraudulent intent in performance of contract are sufficient to support a creditor's action to deny discharge under Title 11, United States Code, Section 523(a)(2). *Hayes v. Casarez (In re Hayes)*, 372 B.R. 287 (Bankr. W.D. Tex. 2007).

46. In this matter, Debtor, through Texas Elite Exotics, entered into leases for five vehicles for use in his business. As illustrated by the facts above, however, Debtor had no intention to use these cars in his business, but rather intended to either sell or obtain additional financing using Plaintiff's vehicles as collateral. Titus would not have entered into the leases if

Debtor had not falsely represented his intent with respect to these vehicles. Debtor entered into the lease with no intent to perform under the contract. As a result, discharge of Debtor's obligations should be denied pursuant to Title 11, United States Code, Section 523(a)(2).

**Count IV: Denial of Discharge Pursuant to §523(a)(6)**

47. Plaintiff repeats and realleges paragraphs 1 through 46 above as if fully set forth herein.

48. Section 523(a)(6) of the Bankruptcy Code provides:

> (a) A discharge under section 727, 1141, 1192, 1228(a), of 1328(b) of this title does not discharge an individual debtor from any debt—
>
>> (6) For willful and malicious injury by the debtor to another entity or to the property of another entity. . .

11 U.S.C. § 523(a)(6).

49. Texas courts have held that where a creditor alleged the debtors staged theft of equipment in which creditor retained security interest and debtors retained proceeds from sale of allegedly stolen equipment, creditor sufficiently alleged ground for nondischargeability of debt to creditor based on willful and malicious conversion under Title 11, United States Code, Section 523(a)(6). *John Deere Co. v. Broholm (In re Broholm),* 310 B.R. 864 (Bankr. N.D. Ill. 2004).

50. The same situation is present here. Debtor has sold at least one of Plaintiff's vehicles, the 2017 Ferrari, without its permission and retained the proceeds from the sale of the stolen vehicle. For this reason, discharge of Debtor's obligations should be denied pursuant to Title 11, United States Code, Section 523(a)(2).

## CONCLUSION

**WHEREFORE**, Plaintiff respectfully requests that Debtor William Lewis Bennett be denied a discharge his obligations to Titus Leasing Corporation in this case and that the Court grant such other and further relief that is just and proper.

        Respectfully submitted,

        FULKERSON LOTZ LLP

        */s/ Wesley G. Lotz*
        Wesley G. Lotz
        State Bar No. 24046314
        SDTX No. 5515640
        wlotz@fulkersonlotz.com
        4511 Yoakum Blvd, Suite 200
        Houston, Texas 77006
        Telephone: 713.654.5800
        Facsimile: 713.654.5801

        *Attorney for Plaintiff*
        *Titus Leasing Company*

OF COUNSEL:
Scott R. Humphrey
State Bar No. 20432442
SDTX No. 592627
shumphrey@fulkersonlotz.com
Gavin K. Uttecht
State Bar No. 24069111
SDTX No. 5516168
guttecht@fulkersonlotz.com
4511 Yoakum Blvd, Suite 200
Houston, Texas 77006
Telephone: 713.654.5800
Facsimile: 713.654.5801

## **CERTIFICATE OF SERVICE**

    The undersigned counsel certifies a true and correct copy of the foregoing document was either served electronically or served via First Class Mail on all counsel of record in accordance with Federal Rules of Bankruptcy Procedure on August 15, 2022, in the attached service list provided by the Court.

        */s/ Wesley G. Lotz*
        Wesley G. Lotz

PRA RECEIVABLES MANAGEMENT
PO BOX 41021
NORFOLK VA 23541-1021

US BANKRUPTCY COURT
PO BOX 61010
HOUSTON TX 77208-1010

AT&T
PO BOX 5014
CAROL STREAM IL 60197-5014

AT&T
PO BOX 5019
CAROL STREAM IL 60197-5019

JPMORGAN CHASE BANK NA
BANKRUPTCY MAIL INTAKE TEAM
700 KANSAS LANE FLOOR 01
MONROE LA 71203-4774

PERFORMANCE FINANCE
C/O QUILLING SELANDER, ET AL
2001 BRYAN ST STE 1800
DALLAS TX 75201-3070

WAYFINDER BANK AS AGENT FOR
PERFORMANCE FINANCE
PO BOX 64090
TUCSON AZ 85728-4090

AMEICAN CONTRACTORS
INDEMNITY COMPANY
801 S FIGUEROA ST STE 700
LOS ANGELES CA 90017-523

AMERICAN EXPRESS
PO BOX 650448
DALLAS TX 75265-0448

AMERICAN EXPRESS
PO BOX 981537
EL PASO TX 79998-1537

AMERICAN EXPRESS NATL BANK
C/O BECKET AND LEE LLP
PO BOX 3001
MALVERN PA 19355-0701

BANK OF AMERICA NA
PO BOX 673033
DALLAS TX 75267-3033

CHRISTOPHER RAMIREZ
PATRICIA RAMIREZ
20126 ALTAI TERRANCE DR
SPRING TX 77379-1406

COMCAST BUSINESS
PO BOX 60533
CITY OF INDUSTRY CA 91716-0533

DIRECT ENERGY BUSINESS
PO BOX 660749
DALLAS TX 75266-0749

US BANK
PO BOX 5229
CINCINNATI OH 45201-5229

GLOBAL MERCHANT CASH INC
C/O YESHAYA GORKIN
PO BOX 605
NEW YORK NY 10038

HARRIS CO TOLL ROAD AUTHORITY
PO BOX 440
DEPT 8
HOUSTON TX 77001-0440

HOLLIMAN TRANSPORATION SERV
6261 RICHMOND AVE
HOUSTON TX 77057-6200

KINETIC ADVANTAGE LLC
10333 N MERIDIAN STE 400
INDIANAPOLIS IN 46290-1112

MANNHEIM DBA COX AUTOMOTIVE
PO BOX 105156
ATLANTA GA 30348-5156

NATIONAL CREDIT CENTER
PO BOX 740285
LOS ANGELES CA 90074-0285

NEW REZ LLC
C/O SHELLPOINT MORTGAGE SERV
PO BOX 740039
CINCINNATI OH 45274-0039

NEXTGEAR CAPTIAL INC
11799 N COLLEGE AVE
CARMEL IN 46032-5605

PERFORMANCE FINANCE
PO BOX 5108
OAK BROOK IL 60522-5108

PROSPERUM CAPITAL PARTNERS
DBA ARSENAL FUNDING
C/O YANA CHECHELNITSKY
61-43 186TH ST STE 450
FRESH MEADOWS NY 11365-2710

PUBLIC EMPLOYEES CREDIT UNION
PO BOX 2205
AUSTIN TX 78768-2205

SAMSON MCA LLC
BERKOVITCH & BOUSKILA PLLC
80 BROAD ST STE 3303
NEW YORK NY 10004-2845

SHEFFLIELD FINANCIAL
PO BOX 1847
WILSON NC 27894-1847

SOFI LENDING CORPORATION
PO BOX 654158
DALLAS TX 75265-4158

| | | |
|---|---|---|
| SOFI CONSUMER LOAN PROGRAM<br>GANTOR TRUST 201<br>RESURGENT CAPITAL SERVICES<br>PO BOX 10587<br>GREENVILLE SC 29603-0587 | TX COMPTROLLER PUBLIC ACCTS<br>REVENUE ACCT DIV BANKRUPTCY<br>PO BOX 13528<br>AUSTIN TX 78711-3528 | TEXAS DOW EMPLOYEES FCU<br>1001 FM 2004<br>LAKE JACKSON TX 77566-4012 |
| HUNTINGTON NATL BANK<br>5555 CLEVELAND AVE<br>GW$W122<br>COLUMBUS OH 43231-4048 | TOKIO MARINE<br>801 S FIGUEROA ST STE 700<br>LOS ANGELES CA 90017-2523 | TOKIO MARINE<br>HCC SURETY GROUP<br>801 S FIGUEROA ST STE 700<br>LOS ANGELES CA 90017-2523 |
| TXTAG<br>PO BOX 650749<br>DALLAS TX 75265-0749 | US BANK CONSUMER LENDING SVC<br>1850 OSBORN AVE<br>OSHKOSH WI 54902-6197 | US TRUSTEE<br>OFFICE OF US TRUSTEE<br>515 RUSK AVE STE 3516<br>HOUSTON TX 77002-2604 |
| WASTE MANAGEMENT<br>PO BOX 660345<br>DALLAS TX 75266-0345 | WESTLAKE SERVICES LLC<br>4752 WILSHIRE BLVD STE 100<br>LOS ANGELES CA 90010-3847 | WOODSIDE CREDIT<br>PO BOX 12379<br>NEWPORT BEACH CA 92658-5061 |
| LAWRENCE D TACKETT<br>LAWRENCE D TACKETT<br>85 N VILLA OAKS DR<br>THE WOODLANDS TX 77382-2318 | RONALD J SOMMERS<br>NATHAN SOMMERS JACOBS<br>2800 POST OAK BLVD 61ST FLOOR<br>HOUSTON TX 77056-6131 | WILLIAM LEWIS BENNETT<br>14311 BLENHEIM PALACE COURT<br>HOUSTON TX 77095-3592 |